547 N.W.2d 640 (1995)
450 Mich. 940
COMP-U-AID, INC., Plaintiff-Appellant,
v.
BERK-TEK, INC., Defendant-Appellee, and
Metro Wire & Cable Co., Defendant.
No. 102441, COA No. 163454.
Supreme Court of Michigan.
December 15, 1995.
ORDER
On order of the Court, the application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
BOYLE, J., dissents and states as follows:
I would grant leave to appeal to consider whether defendant's written statements to plaintiff that they would, inter alia, "stand ready to back [their product] as to performance for five years" constituted an express warranty extending the time of accrual of plaintiff's cause of action for breach of express warranty to the time breach was or should have been discovered. M.C.L. § 440.2725; M.S.A. § 19.2725.
In September, 1986, plaintiff Comp-U-Aid contracted to provide certain computer equipment and cable installations to a client. The cable used for the installation was purchased by Comp-U-Aid in September and October 1986 from a supplier who acquired the cable from the defendant manufacturer Berk-Tek. Plaintiff's client began experiencing difficulties with the installation soon after completion. Berk-Tek inspected the installed cable in April, 1987, and claimed there were no deficiencies in their product. Comp-U-Aid claims that in a letter sent in June, 1987, Berk-Tek made the following representations:
We feel that once these Connectors are installed, there should be no further problems with this installation and we stand ready to back our Cable and Connectors as to performance for five years.

* * * * * *
We feel the problem has reached an end point. Based on our measurements, we do not feel the performance of the system will be affected in any way, and as previously stated, we will back the performance of our product for five years. [Emphasis added.]
In November, 1987, plaintiff's client rejected the cable manufactured by Berk-Tek as being nonconforming and defective. Comp-U-Aid filed suit against Berk-Tek and others in November, 1990, alleging, inter alia, breach of express warranty.
The Court of Appeals affirmed the trial court's order granting the defendant's motion for summary disposition pursuant to MCR 2.116(C)(7), on the ground that plaintiff's action was barred by the statute of limitations. Comp-U-Aid argued to the Court, as it does here, that defendant's statements quoted above constituted an express warranty for future performance, extending the limitation period beyond the normal four years after a breach occurs, regardless of an aggrieved party's knowledge of the breach. M.C.L. § 440.2725(1), (2); M.S.A. § 19.2725(1), (2). Section 2725(2) provides, in pertinent part:
A breach of warranty occurs when tender of delivery is made, except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
The Court held that defendant's representations did not conform to the definition of express warranty under M.C.L. § 440.2313; M.S.A. § 19.2313, and thus did not extend the date of accrual, because those statements were sent to plaintiff after the close of the sale of defendant's products to a supplier who sold their products to plaintiff. Therefore, the Court of Appeals concluded, the defendant's representations were not part of the basis of the bargain at sale, as required by § 2313.
The linchpin of plaintiff's position is whether defendant's written statements constitute *641 an express warranty "explicitly extend[ing] to future performance of the goods...." Section 2313(1)(a) states that an express warranty by a seller is created when "[a]n affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."
Defendant asserts to this Court that plaintiff's claim fails to meet the threshold statutory requirement of defendant attaining the status of a seller. That issue, however, is subsumed by the core inquiry into the presence of an express warranty. Although the parties to this action are not in privity, when a plaintiff's suit against a remote seller, such as a wholesaler or manufacturer up a distributive chain, is based on a defendant's express representations made to that particular plaintiff, courts usually allow such cases to go forward as express warranty claims. 1 White & Summers, Uniform Commercial Code (4th ed), § 11-7, pp. 597-598.
The Court of Appeals rationale that defendant's representations do not meet the definition of an express warranty because those statements were made after the sale of the cables had been completed may be questioned. Official Comment 7 to UCC 2-313 expressly allows postagreement statements as constituting express warranties:
The precise time when words of description or affirmation are made or samples are shown is not material. The sole question is whether the language or samples or models are fairly to be regarded as part of the contract. If language is used after the closing of the deal (as when the buyer when taking delivery asks and receives an additional assurance), the warranty becomes a modification, and need not be supported by consideration if it is otherwise reasonable and in order (Section 2-209). [Emphasis added.]
Other jurisdictions have recognized the possibility of after-sale representations by a seller as constituting a modification of warranty under § 2-313. See Phillips Petroleum Co. v. Bucyrus-Erie Co., 131 Wis.2d 21, 34-35, 388 N.W.2d 584 (1986), Glyptal, Inc. v. Engelhard Corp., 801 F.Supp. 887, 896, n. 8 (DMass, 1992). Although issues may remain regarding the timeliness of defendant's assertions as constituting valid modifications of an express warranty, White & Summers, supra, § 9-5, pp. 496-498, or whether Berk-Tek's written statements qualify as an express warranty in any event, the question presented in this case is jurisprudentially significant and worthy of this Court's review.
MICHAEL F. CAVANAGH and MALLETT, JJ., concur with the statement of BOYLE, J.